**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 25, 2011[*]
Decided September 1, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-2135 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| NANCY J. GAGEN, *Plaintiff-Appellant,* | |
| *v.* | No. 07 C 979 |
| KIRKLAND & ELLIS LLP, *Defendant-Appellee.* | Rebecca R. Pallmeyer, *Judge.* |

**Order**

Last spring we affirmed the district court's judgment dismissing this suit. *Bowden v. Kirkland & Ellis LLP*, No. 10-3290 (7th Cir. Apr. 1, 2011) (nonprecedential). Nancy Gagen, one of the two plaintiffs, then filed in the district court a motion under Fed. R. Civ. P. 60(b)(2), contending that misconduct (principally by AT&T, a non-party) had occurred during discovery. The district court denied this motion, ruling that all of the information on which Gagen now relies could have been learned before judgment. Rule 60(b)(2) concerns "newly

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)". The district judge's conclusion that Gagen either actually knew this information before judgment, or could have learned it through "reasonable diligence", led to the motion's denial.

Gagen's appellate brief disregards the reason the district court denied her motion. Although Gagen professes confidence that the defendant, as well as third parties, engaged in misconduct during discovery, this does not provide a reason for relief from judgment when diligence would have enabled the litigant to learn the material facts earlier.

Gagen has not presented any evidence of fraud on the court, see *In re Golf 255, Inc.*, No. 10-3732 (7th Cir. July 22, 2011), so Rule 60(b)(3) does not apply. Her other contentions do not require discussion. She must understand that this litigation has been resolved. A continuing refusal to accept defeat may lead to an award of sanctions.

AFFIRMED